UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE CITY OF FRESNO, | ) | 1:06-cv-1559 OWW TAG |
| | ) | |
| Plaintiff, | ) | ORDER RE: DEFENDANT'S EX |
| | ) | PARTE REQUEST TO CONTINUE |
| v. | ) | THE HEARING DATE FOR |
| | ) | PLAINTIFF'S MOTION FOR |
| UNITED STATES OF AMERICA, UNITED STATES ARMY CORPS OF ENGINEERS, NATIONAL GUARD BUREAU and THE BOEING COMPANY, | ) ) ) ) | PRELIMINARY INJUNCTION |
| Defendants. | ) ) | |

Defendant, United States of America, United States Army Corps of Engineers and National Guard Bureau have moved ex parte to continue the hearing date for Plaintiff's Motion for Preliminary Injunction which is currently set for hearing on April 23, 2007. The government's opposition is due April 9, 2007. Plaintiff opposes any continuance.

BACKGROUND

This lawsuit concerns remediation of Old Hammer Field located within the City of Fresno, State and Eastern District of California. Plaintiff, the United States, and the Boeing

1

Company, are implementing a Remedial Action Plan approved by the State of California in 2005.

Plaintiff has filed a Motion for Preliminary Injunction that, according to Defendant, includes four declarations totaling 81 pages, 23 documentary exhibits totaling more than 200 pages, which implicate the analysis of the remediation Plan and system at the site and discuss interim allocations of alleged RCRA liability. The government asserts it is unable to prepare an accurate response by April 9, 2007. The government alleges it needs three additional weeks to respond to Plaintiff's Preliminary Injunction Motion. Although the United States intends to file a dispositive counter-motion with respect to Plaintiff's RCRA claim as a related motion, this motion can be filed with the government's opposition and heard on a date other than June 4, 2007, the date the government has been told is the first available hearing date for a *de novo* dispositive motion.

It does not appear there is any emergency. The government asserts that it has funds to pay into remediation costs as they come due. The government states that for a substantial period of prior years, the City has submitted an invoice or other written payment request to Defendants pursuant to the joint agreement between the three parties to pay remediation costs at the site. Further, the Court is independently aware that DTSC orders are not urgent, that time extensions are the rule rather than the exception, and that whether a hazardous material site is EPA or or DTSC ordered, deadlines for the formulation and implementation of Remedial Action Plans are rarely met.

There is no such urgency associated with the date of hearing

2

of the Preliminary Injunction Motion that requires denying the Defendants additional time for response.  There is no evidence the government has ever failed to pay any amount due for the site.

Based on the Court's current trial schedule, the Motion for Preliminary Injunction cannot be heard on April 23, 2007, due to the press of other cases.

The government Defendants and the Boeing Company shall have through and including April 23, 2007, to respond to Plaintiff's Preliminary Injunction Motion and to file any related counter-motion for summary judgment.

Plaintiff shall have to and including May 7, 2007, to file any reply to Defendants' opposition to the Motion for Preliminary Injunction and Defendants' motion for summary judgment.

The government shall file any reply to the opposition to its motion for summary judgment by May 14, 2007.  All motions shall be heard on May 21, 2007, at 10:00 a.m. in Courtroom 3.

IT IS SO ORDERED.

**Dated:   April 5, 2007**              _____/s/ Oliver W. Wanger_____
dd0l0                                   UNITED STATES DISTRICT JUDGE