1  John C. Cruden
   Acting Assistant Attorney General
2  Environment & Natural Resources Division

3
   C. Scott Spear
4  Paul Cirino
   Environmental Defense Section
5  United States Department of Justice
   P.O. Box 23986
6  Washington, DC 20026-3986
   (202) 514-1597 (telephone)
7  (202) 514-8865 (facsimile)
   scott.spear@usdoj.gov
8

9
                IN THE UNITED STATES DISTRICT COURT
10                EASTERN DISTRICT OF CALIFORNIA

11

12  THE CITY OF FRESNO,

13          Plaintiff,                        No. 1:06-cv-01559-OWW-GSA

14       v.

15
    UNITED STATES OF AMERICA, UNITED          **PROTECTIVE ORDER**
16  STATES ARMY CORPS OF ENGINEERS,
    NATIONAL GUARD BUREAU and THE
17  BOEING COMPANY,

18
            Defendants.
19

20       The Court hereby ORDERS as follows:

21       1.      In this litigation, counsel for any party or nonparty producing or furnishing

22  information of any nature ("Producing Party") to another party ("Receiving Party") may

23  designate as "Confidential" or "Highly Confidential-Attorney's Eyes Only," in accordance with

24  the procedures set forth herein, any non-public document or part thereof or any deposition

25  testimony or any discovery response, including, without limitation, information contained

26  therein, that such counsel believes in good faith to contain or reflect information subject to

27  protection pursuant to Fed. R. Civ. P. 26(c)(1) or other applicable statute or regulation

28  ("Confidential Information" or "Highly Confidential Information").  Such designation shall be

                                              1

made at the time the information is produced or furnished, or at a later time as provided herein. Any party may, at any time, request that a "Confidential" or "Highly Confidential-Attorney's Eyes Only" designation be removed.  If the Producing Party objects to the removal of the designation, it must seek relief from the Court pursuant to Paragraph 12 herein.

2.      Confidential Information and Highly Confidential Information shall be used only for the purposes of prosecuting or defending this litigation (including any appeals) and for any official purpose of the United States government, including all of its departments, agencies, and instrumentalities.  As used herein, "this litigation" means the action in which this Order is entered.  Confidential Information shall not be given, shown, made available, or communicated in any way to anyone except as specified in paragraph 3-5 herein.  Highly Confidential Information shall not be given, shown, made available, or communicated in any way to anyone except as specified in Paragraphs 6-10 herein.

3.      Except by the prior written consent of the Producing Party, or by further Order of the Court after reasonable advance notice to the Producing Party's counsel, and subject to the other provisions of this Order, Confidential Information may not be disclosed in any manner to any person other than:

a)      the parties to this litigation, including their respective current officers, directors, partners, principals, employees, and contractors;

b)      counsel to the parties to this litigation;

c)      paralegal, clerical, and support personnel employed or retained by counsel of record in this litigation;

d)      investigators, consultants, and experts (including their employees) retained by a party, subject to Paragraphs 4 and 5;

e)      actual witnesses during the trial or any hearing in this litigation or actual deponents during a deposition in this litigation and their respective attorneys who are not otherwise encompassed within subparagraphs (a) or (d) above, subject to Paragraph 4;

2

1        f)       the Court and court personnel, including court reporters, stenographic reporters

2    and independent videographers;

3        g)       any other person or entity to whom counsel for the Producing Party agrees in

4    writing, subject to Paragraphs 4 and 5.

5        4.       All persons or entities to whom Confidential Information is disclosed or by whom

6    Confidential Information is used, including parties, nonparties, and their representatives (as

7    described in Paragraph 3 above), shall be provided a copy of this Protective Order.  In addition,

8    before Confidential Information is disclosed to any person or entity described in subparagraphs

9    3(d), (e), (g), (h), and (i), such person or entity shall be informed that:

10       a)       such information is claimed to be Confidential Information of the Producing

11   Party;

12       b)       such information is subject to this Protective Order; and

13       c)       DISCLOSURE OF SUCH INFORMATION TO ANY PERSON OR ENTITY,

14   EXCEPT AS PERMITTED BY THIS ORDER, MAY SUBJECT THE DISCLOSING PARTY

15   TO LEGAL ACTION FOR CONTEMPT.

16       5.       No document containing Confidential Information shall be left in the possession

17   of persons described in Paragraph 3(e) without the written consent of the Producing Party.  In

18   addition, counsel shall obtain from any person or entity described in Paragraphs 3(d) and (g)

19   herein a written acknowledgment, in the form of Exhibit A annexed hereto, that such person or

20   entity has been provided and has reviewed a copy of this Protective Order and understands its

21   effect.  Any such signed acknowledgement shall be retained during the course of this litigation

22   by the counsel who obtained the acknowledgment.

23       6.       As described herein, the parties may designate certain Confidential Information as

24   "Highly Confidential – Attorney's Eyes Only."  Such information may not be disclosed to

25   anyone, except as provided herein.  No designation of materials as "Highly Confidential –

26   Attorney's Eyes Only" shall be made unless the designated material comprises or contains

27   confidential, highly sensitive technical, marketing, financial, sales, commercial, or other business

28

1    information which could be used by the receiving party or third parties to obtain a business (not

2    legal) advantage.

3          7.     In addition to the parties themselves (as defined in paragraph 3(a) and including

4    their internal counsel), outside counsel of the respective parties, including secretarial, clerical,

5    litigation support and paralegal personnel regularly employed by such outside counsel, may

6    receive Confidential Information designated "Highly Confidential – Attorney's Eyes Only."  As

7    used herein, "outside counsel" shall include, in the case of Plaintiffs, attorneys of the firm of

8    Snell & Wilmer L.L.P.; in the case of Defendants United States of America, United States Army

9    Corps of Engineers and National Guard Bureau, attorneys of the Department of Justice; and in

10   the case of Defendant The Boeing Company, attorneys of the firm Goldsberry, Freeman &

11   Guzman, L.L.P.  Any other outside counsel for any party may receive Confidential Information

12   designated "Highly Confidential – Attorney's Eyes Only" after giving written notice to the

13   aforementioned existing counsel for the parties and agreeing to be bound by the provisions of

14   this protective order.  A party may object to the disclosure of Confidential Information

15   designated "Highly Confidential – Attorney's Eyes Only" to additional outside counsel, but only

16   on the grounds that such counsel is involved in advising its client(s) or a third party on business

17   or competitive decision making activities.  Such objection to disclosure of said Confidential

18   Information to additional outside counsel must be made within five (5) business days of the

19   written notice, and (i) if such objection is made, the Highly Confidential Information shall not be

20   disclosed until order of the Court or written agreement of the parties; and (ii) if such objection is

21   not made, then the right to so object is waived.

22         8.     Third parties, who are not affiliates of or employed by one of the parties, but are

23   specifically retained to assist the attorneys of record or a party in copying or computer coding or

24   imaging of documents, may receive materials designated "Highly Confidential – Attorney's Eyes

25   Only," but only for purposes of copying or computer coding or imaging Highly Confidential

26   Information contained therein.

27         9.     Independent outside experts or consultants and their clerical and support staff

28   specifically engaged by counsel or the parties to assist in this litigation may receive Highly

1  Confidential Information designated "Highly Confidential – Attorney's Eyes Only" subject to

2  the provisions of Subparagraphs A and B below.

3        A.    Before any disclosure of Highly Confidential Information designated "Highly

4  Confidential – Attorney's Eyes Only" is made, the following must occur:

5          i.    the individual to whom disclosure is to be made must be given a copy of

6  this Order, and the provisions of this Order must be explained to the individual to whom

7  disclosure is to be made by an attorney;

8          ii.    the individual to whom disclosure is to be made must sign a written

9  acknowledgment in the form of the attached Exhibit A;

10          iii.    if the individual to whom disclosure is to be made is an expert or

11  consultant, a copy of the signed undertaking, a curriculum vitae of the proposed expert, and an

12  identification of any past or present employment or consulting relationship with any party or any

13  related company, must be served on opposing counsel of record ten (10) calendar days before the

14  Highly Confidential Information is shown to such expert; and

15          iv.    if the individual to whom disclosure is to be made is not an expert or

16  consultant, or is an employee of either party, a copy of the signed undertaking, and an

17  identification of the employee, officer, or director, including all of their titles and

18  responsibilities, must be served on opposing counsel of record ten (10) calendar days before the

19  Highly Confidential Information is shown to such employee, officer, or director.

20        B.    Any party may object to the disclosure of Highly Confidential Information

21  designated as "Highly Confidential – Attorney's Eyes Only," within ten (10) calendar days of

22  receiving all of the information required to be provided by Paragraph 9(A)(iii) or 9(A)(iv).  The

23  procedure for making and resolving any such objection shall be as follows:

24          i.    Any objection made pursuant to this paragraph must be in writing and

25  state the reasons for such objection;

26          ii.    After written objection is made, no disclosure of Confidential Information

27  shall be made to that employee, officer, control person, or expert until the matter is resolved by

28  the Court or upon agreement of the parties;

iii.     Within ten (10) calendar days after service of said objection, the objecting party may move the Court for an order denying disclosure of any such Highly Confidential Information to any such employee, officer, director or expert as to whom a notice of objection had been served, and failure to timely file such a motion shall operate as a waiver of objection to the disclosure of Highly Confidential Information to the employee, officer, director or expert concerning whom the objection was made;

iv.     The party seeking to disclose Highly Confidential Information to the employee, officer, director or expert concerning whom an objection is made shall have five (5) business days to file an opposition to any motion filed pursuant to the foregoing Paragraph 10(iii);

v.     Upon motion and briefing as set forth in the foregoing Paragraphs 9(B)(iii) and 9(B)(iv), the Court shall then make a determination without further briefing, submission, or hearing unless expressly ordered by the Court.

10.     Notwithstanding the other provisions of this Order, Highly Confidential Information may be used in the course of any deposition of current employees of the party designating such Highly Confidential Information.

11.     a)     In the case of documents, designation of Confidential Information or Highly Confidential Information shall be made by placing the legend "Confidential Subject to a Protective Order – Do Not Release" or "Highly Confidential-Attorney's Eyes Only Subject to a Protective Order – Do Not Release" on those pages of a document deemed to contain Confidential Information.

b)     In the case of written responses to discovery requests that contain Confidential Information or Highly Confidential Information, designation shall be made by placing the legend "Confidential Subject to a Protective Order – Do Not Release" or "Highly Confidential-Attorney's Eyes Only Subject to a Protective Order – Do Not Release" on any page of any answer deemed to contain Confidential Information or Highly Confidential Information.

c)     In the case of depositions, designation of any portion of any transcript (including exhibits) deemed to contain Confidential Information or Highly Confidential

6

Information shall be made by designating such portion as "Confidential" or "Highly Confidential – Attorney's Eyes Only" on the record during the course of the deposition, and marking the relevant portion of the transcript as "Confidential Subject to a Protective Order – Do Not Release" or "Highly Confidential-Attorney's Eyes Only Subject to a Protective Order – Do Not Release" after the deposition.  Additionally, the Producing Party may designate any portion of a deposition as Confidential or Highly Confidential-Attorney's Eyes Only by so stating in writing within two weeks after receipt of the transcript, and marking the relevant portion of the transcript as "Confidential Subject to a Protective Order – Do Not Release" or "Highly Confidential-Attorney's Eyes Only Subject to a Protective Order – Do Not Release."  Until said two-week period has expired, all deposition transcripts shall be treated as Confidential Information or Highly Confidential Information.  After any such designation, only the portion of the transcript so designated shall be subject to the terms and provisions of this Protective Order.

        d)      Deposition exhibits that are comprised of or which incorporate Confidential Information or Highly Confidential Information and are marked as "Confidential Subject to a Protective Order – Do Not Release" or "Highly Confidential-Attorney's Eyes Only Subject to a Protective Order – Do Not Release" shall be treated as Confidential or Highly Confidential without the necessity of any additional action being taken.

        e)      To maintain the confidentiality of any deposition testimony or exhibits designated as Confidential Information or Highly Confidential Information in accordance with the terms of this Protective Order, the court reporter who transcribes the deposition testimony shall make reasonable arrangements and measures, which may include the marking of transcript pages, covers, or exhibits to indicate that Confidential Information or Highly Confidential Information is contained therein.  Any additional cost incurred as a result of marking the transcript pages, covers, or exhibits shall be the responsibility of the party requesting the marking.

        f)      In the event that any party seeks to file Confidential Information or Highly Confidential Information as an exhibit to any motion or other paper in court, the filing party shall

file a motion pursuant to LR 79.3 requesting permission to file such an exhibit under seal.  Any

exhibit filed under seal must be marked with one of the following labels, as appropriate:

> **HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**
> **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**
> This envelope contains documents or things that are the subject of a Protective
> Order of this Court and cannot be opened or its contents made available to
> anyone other than counsel of record for the parties, the Court and Court
> personnel.

or

> **CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO**
> **PROTECTIVE ORDER**
> This envelope contains documents or things that are the subject of a Protective
> Order of this Court and cannot be opened or its contents made available to
> anyone other than counsel of record for the parties, the Court and Court
> personnel.

12. If the Receiving Party believes that documents designated by the Producing Party

as Confidential Information or Highly Confidential Information do not contain materials subject

to protection, then the Receiving Party shall serve written notice upon the Producing Party that

the Receiving Party objects to their designation as Confidential Information or Highly

Confidential Information.  Such notice, which may be made at any time during or after the

conclusion of the litigation, shall specifically identify the Confidential Information or Highly

Confidential Information to which the Receiving Party objects.  Thereafter, if the parties are

unable to resolve their dispute amicably, the Producing Party shall move for a Protective Order

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure within 30 days after the date of

such notice, or within such other time as may be agreed to by the Parties.  If a timely motion is

not filed, the Producing Party shall be deemed to have released its claim to confidential treatment

as to the materials that have been objected to, and such materials shall no longer be Confidential

Information or Highly Confidential Information subject to this Order.  If a timely motion is filed,

after there is a ruling on such a motion, the documents at issue shall no longer be Confidential

Information or Highly Confidential Information subject to this Order, but shall be treated

consistent with the Court's ruling.

13. In the event the Receiving Party is served with any demand, subpoena or other

legal process, or request that seeks or encompasses Confidential Information or Highly

Confidential Information that was produced by the Producing Party, the Receiving Party shall give prompt written notice of the receipt of such demand, subpoena or other legal process, or request to the Producing Party or its counsel.  Additionally, if the Receiving Party is served with a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, that seeks or encompasses Confidential Information of Highly Confidential Information that was produced by the Producing Party, the Receiving Party shall, in accordance with 28 C.F.R. § 16.8, (a) provide the Producing Party with prompt notice of the request, (b) provide the Producing Party with the opportunity to object to disclosure, (c) provide the Producing Party with notice of intent to disclose if the Receiving Party decides to disclose the information over the Producing Party's objection.

14.    By treating information or documents produced in this litigation as Confidential Information or Highly Confidential Information, the Receiving Party shall not be deemed to have conceded that the information actually is Confidential or Highly Confidential or to have otherwise waived any rights hereunder.

15.    No party to this litigation shall be deemed to have waived the right to seek or object to the admission of any documents or information produced pursuant to this Protective Order at trial.

16.    Nothing in this Protective Order shall preclude or limit a Producing Party from utilizing its own Confidential Information or Highly Confidential Information in any manner it deems appropriate.

17.    Any person who obtains access to Confidential Information or Highly Confidential Information may make copies, duplicates, extracts, summaries or descriptions of the information contained therein or any portion thereof.  All copies, duplicates, extracts, summaries, or descriptions derived from Confidential Information or Highly Confidential Information shall be subject to the terms of this Order and shall be marked to the same extent and manner as originals.

18.    The production or disclosure of Confidential Information or Highly Confidential Information in this litigation does not waive any party's objection or right to object to the

1    production or disclosure of such information in any other action or proceeding on the basis of

2    privilege or otherwise.

3          19.    If a document, or other material or testimony related thereto, which a person

4    intends to designate as Confidential Information or Highly Confidential Information, is

5    inadvertently disclosed without being marked as Confidential Information or Highly Confidential

6    Information in accordance with this Protective Order, the failure to so mark the document, or

7    other material or testimony related thereto, shall not be deemed a waiver by the Producing Party

8    of its ability to designate such information as Confidential Information or Highly Confidential

9    Information, provided that the failure to mark the document, or other material or testimony

10   related thereto, is brought to the attention of the Receiving Party within a reasonable time after

11   the original disclosure of the Confidential Information or Highly Confidential Information in this

12   litigation.  In such instance, the Producing Party must produce another copy of the Confidential

13   Information or Highly Confidential Information marked as "Confidential Subject to a Protective

14   Order – Do Not Release" or "Highly Confidential-Attorney's Eyes Only Subject to a Protective

15   Order – Do Not Release."  If the Receiving Party has disclosed the information to persons

16   without following the procedures set forth in paragraphs 3-5 or 6-10 prior to being notified by

17   the Producing Party that the information is Confidential Information or Highly Confidential

18   Information, such disclosure will not be deemed a violation of this Protective Order.

19         20.    Following the conclusion of this litigation, the Receiving Party may elect to

20   retain, destroy, or return Confidential Information and Highly Confidential Information to the

21   Producing Party.  If the Receiving Party elects not to return or destroy Confidential Information

22   and Highly Confidential Information, Confidential Information and Highly Confidential

23   Information shall continue to be subject to the terms of this Protective Order and shall be used

24   only for official purposes of the United States government for a period of ten years after the date

25   of production, pursuant to 28 C.F.R. § 16.8, unless the Producing Party requests, and provides

26   justification for, a longer designation period.  Plaintiffs acknowledge that laws or regulations

27   applicable to the retention of federal records may restrict the extent to which the United States

28   may return Confidential Information or Highly Confidential Information.

10

21.     This Protective Order applies to all Confidential Information and Highly Confidential Information produced in connection with this litigation, including all Confidential Information and Highly Confidential Information produced prior to the date this Protective Order is signed.  If the Producing Party discovers that it has produced Confidential Information or Highly Confidential Information prior to the date the Protective Order is signed, the Producing Party must produce another copy of the Confidential Information or Highly Confidential Information marked as "Confidential Subject to a Protective Order – Do Not Release" or "Highly Confidential-Attorney's Eyes Only – Do Not Release."

22.     Procedures concerning the use and handling of Confidential Information or Highly Confidential Information at trial are not addressed in this Protective Order but will be separately addressed by the Court.

23.     This Protective Order applies only to the handling of Confidential Information and Highly Confidential Information, and nothing in this stipulation alters the rights and/or liabilities of the Parties with respect to the litigation.

24.     Information which is otherwise known or in the public domain shall not be rendered, or protected as, Confidential Information or Highly Confidential Information by virtue of this Protective Order.

25.     Information or documents lawfully obtained from sources other than a Producing Party in this litigation shall not be rendered, or protected as, Confidential Information or Highly Confidential Information merely because that information or those documents are also produced as Discovery Materials and designated as Confidential Information or Highly Confidential Information pursuant to this Protective Order.  Nothing in this paragraph shall prevent a Party from filing a motion for protective order regarding such information or documents.

11

1   SO ORDERED.

2   Dated: 9/8/2009                          /s/ OLIVER W. WANGER

3                                            OLIVER W. WANGER
                                             UNITED STATES DISTRICT JUDGE

4   AGREED:

5                                               s/ Lisa A. Decker

6                                            _____

7                                            LISA A. DECKER
                                             Snell & Wilmer, L.L.P.
8                                            1200 Seventeenth Street, Suite 1900
                                             Denver, Colorado 80202
9                                            Telephone: (303) 634-2000
                                             Facsimile: (303) 634-2020
10                                           Counsel for City of Fresno

11                                              s/ Francis M. Goldsberry, II

12                                           _____

13                                           FRANCIS M. GOLDSBERRY, II
                                             Goldsberry, Freeman & Guzman, LLP
14                                           777 12th Street, Suite 250
                                             Sacramento, California 95814
15                                           Telephone: (916) 551-2900
                                             Facsimile: (916) 448-0448
16                                           Counsel for The Boeing Company

17

18                                           JOHN C. CRUDEN
                                             Acting Assistant Attorney General
19                                           Environmental and Natural Resources Division

20                                              s/ C. Scott Spear

21                                           _____

22                                           C. SCOTT SPEAR
                                             PAUL CIRINO
23                                           Environmental Defense Section
                                             United States Department of Justice
24                                           P.O. Box 23986
                                             Washington, D.C.  20026-3986
25                                           Telephone:  (202) 514-1542
                                             Facsimile:  (202) 514-8865
26                                           paul.cirino@usdoj.gov
27                                           Counsel for United States of America, United States
                                              Army Corps of Engineers, and National Guard
28                                            Bureau

                                                           12

1

**EXHIBIT A**

2

IN THE UNITED STATES DISTRICT COURT

3

EASTERN DISTRICT OF CALIFORNIA

4

5

THE CITY OF FRESNO,

6

            Plaintiff,                        No. 1:06-cv-01559-OWW-GSA

7

      v.

8

UNITED STATES OF AMERICA, UNITED

                                   **ACKNOWLEDGEMENT OF**

9

STATES ARMY CORPS OF ENGINEERS,           **PROTECTIVE ORDER**

NATIONAL GUARD BUREAU and THE

10

BOEING COMPANY,

11

            Defendants.

12

13

14

     I, _____, declare that:

15

1.     My address is _____.

16

2.     My present employer is _____.

17

18

3.     My present occupation or job description is _____

19

_____.

20

4.     I have received a copy of the Protective Order entered in this action.

21

22

5.     I have carefully read and understand the provisions of the Protective Order.

23

6.     I will comply with all of the provisions of the Protective Order.

24

7.     I will hold in confidence, will not disclose to anyone not qualified under the Protective

25

Order, and will use only for purposes of this action any *"Highly Confidential –*

26

*Attorney's Eyes Only"* and *"Confidential"* materials which are disclosed to me.

27

28

13

8.      I will return all *"Highly Confidential – Attorney's Eyes Only"* and *"Confidential"* materials that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9.      I understand that my disclosure of information designated "*Confidential*" or "*Highly Confidential – Attorney's Eyes Only*" to any person or entity, except as permitted by the Protective Order, may subject me to legal action for contempt.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.


Dated:  _____          _____

                                                    (Name)

14