```
 1  FRANCIS M. GOLDSBERRY II, SBN: 63737
    FRANCIS M. GOLDSBERRY III, SBN: 178739
 2  GOLDSBERRY, FREEMAN & GUZMAN, LLP
    777 12th Street, Suite 250
 3  Sacramento, CA 95814
    Telephone: (916) 448-0448
 4  Facsimile: (916) 448-8628

 5  Attorneys for Defendant
    THE BOEING COMPANY
 6

 7

 8
                         UNITED STATES DISTRICT COURT
 9
                        EASTERN DISTRICT OF CALIFORNIA
10

11
    THE CITY OF FRESNO,                  )  No.: 1:06-cv-01559-OWW-GSA
12                                       )
               Plaintiff,                )  STIPULATION FOR ENTRY OF
13                                       )  PROTECTIVE ORDER REGARDING
         v.                              )  WATER SUPPLY/QUALITY
14                                       )  DOCUMENTS FROM PUBLIC ENTITIES;
    UNITED STATES OF AMERICA; UNITED,    )  ORDER THEREON
15  STATES ARMY CORPS OF ENGINEERS;      )
    NATIONAL GUARD BUREAU; THE           )
16  BOEING COMPANY,                      )
                                         )
17             Defendants.               )
    _____ )
18
```

19      WHEREAS, the parties to this litigation have requested and/or subpoenaed documents from

20  public entities (including the California Department of Public Health ["CDPH"] and the City of

21  Clovis, California ["Clovis"]) that contain sensitive and confidential information related to public

22  safety;

23      WHEREAS, the requested documents involve sensitive and confidential information related

24  to public safety as follows: (1) information that may cause damage or destruction to the nation's

25  water supply and water quality infrastructure by terrorist activities thereby threatening public health

26  and the environment, or possibly causing loss of life; (2) since the terrorist activities of

27  September 11, 2001, water utilities have been under heightened security conditions; (3) threats

28  resulting in physical destruction to any of these systems could include disruption of operating or

Stipulation and Order for Entry of Protective Order re
Confidential Water Supply/Quality Information

1  distribution system components and actual damage to reservoirs and pumping stations; (4) a loss of
2  flow and pressure would cause problems for customers and would hinder firefighting efforts; and
3  (5) bioterrorism or chemical threats could result in the distribution of microbiological agents or
4  toxic chemicals to households across the state, which could endanger the public health of
5  thousands.

6      WHEREAS, good cause exists for the Court to enter this protective order as it ensures
7  public safety and preserves the security of the nation's water supply and water quality infrastructure
8  systems.

9      WHEREAS, the Court's entry of this protective order will ensure that any public entities'
10 production of these specific confidential documents and information will be revealed only in a
11 confidential manner.

12     WHEREAS, in order to facilitate discovery and to ensure public safety and preserve the
13 nation's water supply, the parties are desirous that a stipulated protective order be entered in this
14 action governing the production, disclosure, and use of such materials.

15 **STIPULATION**

16     IT IS HEREBY STIPULATED by and between Plaintiff, Defendants, any additional parties
17 that appear in this matter, the CDPH, and Clovis, through their respective attorneys, that a
18 Protective Order be entered by this court as follows:

19     1.    When used in this Protective Order ("Order"), the word "Litigants" means all
20 parties and their attorneys of record in the following matter: *City of Fresno v. The United States of*
21 *America, et al.,* United States District Court, Eastern District of California Case Number No.:
22 1:06-cv-01559-OWW-GSA, ("Action"). The term "Parties" means the Litigants, the CDPH, and
23 Clovis.

24     2.    The Parties recognize that: (1) there exists the very real possibility of damage to
25 or destruction of the nation's water supply and water quality infrastructure by terrorist activities
26 thereby threatening public health and the environment, or possibly causing loss of life; (2) since the
27 terrorist activities of September 11, 2001, water utilities have been under heightened security
28 conditions; (3) threats resulting in physical destruction to any of these systems could include

Stipulation and Order for Entry of Protective Order re
Confidential Water Supply/Quality Information      - 2 -

disruption of operating or distribution system components and actual damage to reservoirs and pumping stations; (4) a loss of flow and pressure would cause problems for customers and would hinder firefighting efforts; and (5) bioterrorism or chemical threats could result in the distribution of microbiological agents or toxic chemicals to households across the state, which could endanger the public health of thousands. The Parties recognize that under the laws, regulations, and the policies of the State of California and the United States of America certain precautions relative to certain information regarding various water systems are necessary to protect the security of those systems. The Parties also recognize that the purpose of this Order is to assure that production of this information in the Action will not create a threat to public health and safety.

3. The Parties understand and agree that some of the information with respect to water supply and water quality infrastructure demanded pursuant to a subpoena served on Clovis and a California Public Records Act request made to the CDPH and certain information being sought or which may be sought in the future in discovery or otherwise is sensitive, confidential, and related to public safety. Such information includes any and all information which is deemed confidential under law and all water system operating infrastructure and locational information, including:

    a. Water System schematics and facility maps;
    b. Pipeline maps;
    c. Facility plans and specifications;
    d. Consultant and internally generated reports that analyze water system vulnerabilities;
    e. Documents that explain water system hydraulics or operation practices;
    f. Emergency operations and response plans;
    g. Operation and maintenance manuals;
    h. Security related documents;
    i. Distribution related documents;
    j. Water source related documents;
    k. Water quality related documents;
    l. Personal information about employees and customers, such as their individual

1  identities, phone numbers or addresses;
2  m.  Pumping levels of wells;
3  n.  Production records of wells;
4  o.  Operational memoranda;
5  p.  Well and plant site addresses and other information related to the location of
6     infrastructure;
7  q.  Types of chemicals used at each site including their storage; and,
8  r.  Types of power used to run each plant including redundancy power for emergencies.

4. When used in this Order, "Confidential/Public Safety Information" refers to information designated by CDPH or Clovis as "Confidential/Public Safety Information" and includes, but is not limited to, writings, recording and photographs (collectively "documents") as defined by Rule 1001 of the Federal Rules of Evidence. Data that is available on computer systems and verbal communications are also considered Confidential/Public Safety Information if they contain, embody, mention, relate to or relay any of the above information.

5. The purpose of this Order is to meet the Litigants' discovery needs without compromising the public's need to keep sensitive information confidential in the interest of public health and safety.

6. All Confidential/Public Safety Information shall be used by the Litigants to whom such information is disclosed, solely for the prosecution, defense, or settlement of the Action and shall not be used for any purpose including, but not limited to, use in any other litigation, whether in this Court or otherwise, except as specifically set forth herein, or as permitted by further order of the Court.

7. None of the Litigants shall divulge, permit access to, or disseminate any Confidential/Public Safety Information produced by CDPH or Clovis to any individuals or entities, unless expressly authorized to do so by the terms of this Order, or by further order of Court.

8. The Parties agree that any information, as delineated in paragraph 3 above, shall be stamped, watermarked or otherwise denoted with the phrase "Confidential/Public Safety Information."

9. Because of the sensitivity of the Confidential/Public Safety Information, all copies (electronic, hard copy, or otherwise) of documents contained or referring to Confidential/Public Safety Information produced shall bear the stamp or watermark set forth in paragraph 8. No photocopies made may in any way alter, mar, or otherwise interfere with the confidentiality stamp or watermark. If any such alteration, marring or interfering with the confidentiality stamp or watermark occurs, those documents must be destroyed and the method and date of destruction shall be reported to CDPH and/or Clovis within 48 hours of said occurrence. Any Litigant who makes photocopies of documents designated as "Confidential/Public Safety Information" must also keep track of all copies by recording in writing the number of copies, the Bates-Stamp numbers of the copied pages, who made the copies, and to whom the copies were provided. Said information must be provided to the producing agency (either CDPH or Clovis) upon reasonable request. Further, all copies of Confidential/Public Safety Information in possession of the Litigants (other than the disclosing party) when not in actual use, shall be kept in a secure facility and there shall be a list of individuals who have access to the secure facility housing the Confidential/Public Safety Information. Said information must also be provided to CDPH and Clovis upon reasonable request by either. Nothing in this paragraph shall prevent the Litigants from employing an electronic document management system for storing and distributing the documents, provided the electronic copies bear a Bates stamp and the confidentiality stamp, and access to the database is provided only to those Litigants who have executed this Protective Order or to employees of the database provider as necessary to maintain the database.

10. Confidential/Public Safety Information may be used in depositions and marked as deposition exhibits in this case, as long as the portions of the particular document which contain or refer to Confidential/Public Safety Information are appropriately stamped "Confidential/Public Safety Information" as set forth in paragraph 8, and treated in accordance with this Order.

11. Confidential/Public Safety Information may also be referred to in written discovery requests and/or responses as long as the portions of the particular discovery document that contain or refer to Confidential/Public Safety Information are appropriately stamped "Confidential/Public Safety Information" as set forth in paragraph 8, and treated in accordance with this Order.

12. Confidential/Public Safety Information may also be referred to in motions, briefs or other papers filed with the Court in this case, as long as the portions of the particular document that contain or refer to Confidential/Public Safety Information are appropriately stamped as "Confidential/Public Safety Information" as set forth in paragraph 8, and treated in accordance with this Protective Order. The Litigants proposing to file or refer to such documents with the Court shall first obtain appropriate orders to preserve the confidentiality of such documents as may be required under pertinent Eastern District of California Local Rules (the "Local Rules").

13. Confidential/Public Safety Information may be disclosed or referred to in testimony at trial in the Action or offered in evidence at the trial of the Action subject to all applicable Rules of Evidence. The sealing of the record of any such proceedings shall be subject to the provisions of Eastern District Local Rules. The Litigants proposing to file or refer to such Confidential/Public Safety Information shall seek an order for sealing of the Confidential/Public Safety Information pursuant to Eastern District Local Rule and provide CDPH and Clovis thirty-five (35) days notice in advance of trial of intent to use such Confidential/Public Safety Information.

14. The Litigants obtaining Confidential/Public Safety Information in discovery in the Action are the temporary custodians of the Confidential/Public Safety Information, and shall not grant possession of the Confidential/Public Safety Information to any other person or entity unless expressly authorized by the terms of this Order.

15. Litigants with Confidential/Public Safety Information shall make every effort to limit the number of persons who view the information. Subject to the terms and conditions of this Order, the Litigants may permit the following persons or entities to view the Confidential/Public Safety Information, if and only if such persons or entities must have the information to produce their required work product:

  a. Counsel for the Litigants who are actively engaged in the conduct of this litigation including partners, associates, law clerks, paralegals, and secretaries employed or engaged by the Litigants;

  b. Employees, officers or officials of the Litigants who have need for such information for purposes of the Action;

      c.      Employees of copy services and electronic database providers to the extent necessary to copy or maintain an electronic database of the Confidential/Public Safety Information;

      d.      Deposition witnesses in the Action, to the extent necessary for the witness' preparation for testimony;

      e.      Experts or consultants actually hired or retained and actually performing work for the Litigants for purposes of the Action, who in the ordinary course of their retention are required to review the Confidential/Public Safety Information to prepare or formulate opinions or conclusions;

      f.      Court reporters (except court reporters employed or affiliated with the United States District Court), persons monitoring video equipment at depositions and any special master or discovery referee (except those employed or affiliated with the United States District Court); and,

      g.      Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

16. The Litigants shall take all reasonable and necessary measures to ensure that the persons described in paragraph 15 above do not view any Confidential/Public Safety Information unless and until they have:

      a.      Read this Order and agreed to be bound by its terms; and

      b.      Completed and signed the Non-Disclosure Agreement ("Agreement") in the form attached hereto as Exhibit "A".

17. Each person described in paragraph 15 above who is to view the Confidential/Public Safety Information agrees to be and is deemed to be within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached Agreement.

18. The Litigants who are the temporary custodians of the Confidential/Public Safety Information shall maintain an accurate and complete record of all persons described in paragraph 15 above who have been permitted to view the Confidential/Public Safety Information, and shall maintain custody of the Agreements. The Court on its own motion, or on the motion of any Party,

Stipulation and Order for Entry of Protective Order re
Confidential Water Supply/Quality Information    - 7 -

1    may require the production of the Agreements for inspection by the Court.

2        19.    Should any of the Parties become aware of any violation of this Order, said Parties
3    shall enforce this Order through applicable Eastern District Local Rules.  Further, the Litigant(s)
4    agree to the following:

5            a.    Fully cooperate with CDPH or Clovis in determining the nature of the breach
6                of this Order and what methods have been invoked or changed to make sure
7                the breach does not occur again;

8            b.    Fully cooperate with CDPH or Clovis in amending this Order as may be
9                necessary to provide assurances that the breach does not occur again;

10           c.    Fully cooperate with any law enforcement agency investigating the breach;
11               and

12           d.    If a Litigant becomes aware of the review of information labeled
13               Confidential/Public Safety Information by person(s) not bound by this Order,
14               then Litigant will report such violation(s) to CDPH and Clovis, depending on
15               the agency who produced the information that was viewed by a person(s) not
16               bound by this Order.

17       20.    Within thirty (30) days following the final conclusion of the Action, all Litigants
18   shall either return all Confidential/Public Safety Information or destroy all Confidential/Public
19   Safety Information and document such destruction.  Additionally, within thirty (30) days following
20   the final conclusion of the Action, the Court shall, upon request of any Party, make such further
21   orders concerning the retention or return of Confidential/Public Safety Information produced
22   pursuant to the provisions of the Order as may be appropriate.

23       21.    No Litigant shall disclose any portion of the subject matter or contents of the
24   Confidential/Public Safety Information to any person or entity not authorized hereunder, except to
25   the Court.

26       22.    Upon an alleged violation of this Order, any Party may seek relief from this Court.

27
28

Stipulation and Order for Entry of Protective Order re
Confidential Water Supply/Quality Information        - 8 -

| | | |
|---|---|---|
| 1 | DATED:  December 21, 2009 | CALIFORNIA DEPARTMENT OF PUBLIC HEALTH |

By: /s/ Catherine Ewing [as authorized 12/21/09]

    CATHERINE EWING
Senior Staff Counsel for CALIFORNIA
DEPARTMENT OF PUBLIC HEALTH

DATED:  December 21, 2009      MILLER, AXLINE & SAWYER

By: /s/ Daniel Boone [as authorized 12/15/09]
    DANIEL BOONE
Attorneys for CITY OF CLOVIS, CALIFORNIA

DATED:  December 21, 2009      GOLDSBERRY, FREEMAN & GUZMAN, LLP

By:  /s/ Francis M. Goldsberry II
    FRANCIS M. GOLDSBERRY II
    FRANCIS M. GOLDSBERRY III
Attorneys for Defendant
THE BOEING COMPANY

DATED:  December 21, 2009      SNELL & WILMER, LLP

By:  /s/ Lisa A. Decker [as authorized 12/18/09]
    LISA A. DECKER
Attorneys for Plaintiff
THE CITY OF FRESNO

DATED:  December 21, 2009      THE UNITED STATES OF AMERICA

By:  /s/ Scott Spear [as authorized 12/21/09]
    SCOTT SPEAR
Attorney for Defendant
THE UNITED STATES OF AMERICA

## **ORDER**

IT IS SO ORDERED.

DATED: December 22, 2009

/s/ OLIVER W. WANGER
JUDGE, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury that:

1. My address is

   _____.

2. My present employer is

   _____.

3. My present occupation or job description is

   _____.

4. I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order regarding documents produced by the California Department of Public Health and the City of Clovis ("Order") in the matter of *City of Fresno v. The United States of America, et al.,* United States District Court, Eastern District of California Case Number No.: :06-cv-01559-OWW-GSA, that I will hold in confidence and not disclose to anyone not bound by the Order any of the contents of any confidential information received under the protection of the Order, and that I will comply with and be bound by all of the terms and conditions of the Order.

5. Upon completion of my work, I will return or destroy all confidential information obtained. I acknowledge that returning or destroying such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Non-Disclosure Agreement.

Dated: _____        By:

                                              _____