Ignacia S. Moreno
Assistant Attorney General
Environment & Natural Resources Division

C. Scott Spear
Kim N. Smaczniak
Paul Cirino
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986
(202) 514-1542 (telephone)
(202) 514-8865 (facsimile)

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY OF FRESNO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES ARMY CORPS OF ENGINEERS, NATIONAL GUARD BUREAU and THE BOEING COMPANY,<br><br>Defendants. | No. 1:06-cv-01559-OWW-GSA<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO STRIKE UNTIMELY EXPERT OPINION OFFERED BY PLAINTIFF CITY OF FRESNO (DOC. 260)** |

Defendants United States of America, United States Army Corps of Engineers, and National Guard Bureau (collectively, "United States") filed a Motion to Strike Untimely Expert Opinion Offered By Plaintiff City of Fresno (Doc. 260). The motion came on for hearing on May 24, 2010. All parties were represented by counsel at the hearing.

After considering all papers filed in connection with the United States' motion, hearing oral argument, and an agreement having been reached by the parties as contained on the record, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  Plaintiff shall produce for further deposition in Washington, D.C. its designated expert witness Bernard Tod Delaney.  Dr. Delaney shall be examined on (1) the opinion contained in the May 7, 2010 Declaration of Bernard Tod Delaney (Doc. 254) that epichlorohydrin (EPI) may have been present in perchloroethylene (PCE) as a stabilizer, (2) the background materials relied upon or reviewed by Dr. Delaney that form the basis for his opinion that EPI may have been present in PCE as a stabilizer, including the materials attached as exhibits to his May 7, 2010 Declaration, and (3) communications with other experts, including exchanges of documents or information with other experts, regarding whether 1,2,3-Trichloropropane (TCP) is a hazardous substance under CERCLA.

2.  Plaintiff shall produce for further deposition in Washington, D.C. its designated expert witness Jay Vandeven.  Mr. Vandeven shall be examined on (1) his background, qualification, and experience offering opinions on whether substances can qualify as hazardous substances under CERCLA and (2) the entire subject matter of the May 7, 2010 Declaration of Jay Vandeven (Doc. 254-17), including the underlying basis and support for the information contained therein.

3.  Plaintiff shall produce for further deposition in Fresno, California its designated expert witness Jeffrey Zelikson.  Mr. Zelikson shall be examined on (1) his background, qualification, and experience relating to time critical response actions under CERCLA and (2) the entire subject matter of paragraphs 9, 10, and 11 of the May 6, 2010 Declaration of Jeffrey Zelikson (Doc. 254-18), including the underlying basis and support for the information contained therein.

4.  Plaintiff shall produce for further deposition in Fresno, California its designated expert witness Harold V. Morgan.  Mr. Morgan shall be examined on (1) the underlying basis for the statement that "[s]electing [the] alternative of the continuing use of an unhealthful source of supply would have been contrary to good water system management policy and practice" (Doc. 254-16, 3:27-28) and (2) the entire subject matter of paragraph 17 of the May 4, 2010 Declaration of Harold V. Morgan (Doc. 254-16), including the underlying basis and support for the information contained therein.

5. Upon the completion of the aforementioned depositions, Defendants shall have 7 days to counter-designate expert witnesses.

IT IS SO ORDERED.

Dated:  **May 26, 2010**                                    **/s/ Oliver W. Wanger**
                                                                                 UNITED STATES DISTRICT JUDGE